**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | |
| | ) | **Case No. 10-CR-30020-MJR** |
| **IRA E. GORE,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## ORDER

**REAGAN, District Judge:**

Defendant Ira E. Gore pleaded guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). On July 30, 2010, Gore was sentenced to 46 months in prison, to be followed by three years of supervised release (Doc. 32). On November 30, 2011, Gore, proceeding pro se, wrote a letter to the undersigned district judge (Doc. 42), which was construed as a motion to reduce his sentence. Citing the Second Chance Act, 18 U.S.C. § 3624(c), Gore asks that his sentence be altered such that he is placed in a halfway house for the last 12 months of his term of imprisonment.

The Federal Public Defender was appointed to represent Gore (Doc. 44). On February 8, 2012, Assistant Public Defender Todd M. Schultz moved to withdraw as counsel of record for Gore, observing that the Court does not have jurisdiction to grant the nature of relief sought by Gore (Doc. 46).

The Second Chance Act, 18 U.S.C. § 3624(c), pertains to pre-release custody and directs the Bureau of Prisons to, to the extent practicable, ensure that a prisoner spends a portion of the final months of his term of imprisonment (up to 12 months) under conditions that afford him a reasonable opportunity to adjust and prepare for reentry into the community. Gore

acknowledges that he is a repeat offender, he will need to get a job and save money, and get necessary treatment, if he is to have the best chance of avoiding recidivism.  Gore's self-awareness and efforts to prepare for his reentry into society is to be commended.  However, as Mr. Schultz has noted, Section 3624 does not authorize the Court to spontaneously direct the Bureau of Prisons to place Gore in a halfway house.

There is no indication that Gore has explored pre-release placement with the Bureau of Prisons, or that the Bureau has abused its discretion in refusing such placement.  Therefore, the Court will not foreclose future remedies by construing Gore's letter as a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.  Therefore, Gores "motion" (Doc. 42) is **DENIED**, without prejudice; and Assistant Federal Public Defender Todd M. Schultz's motion for leave to withdraw as counsel or record for Gore (Doc. 46) is **GRANTED**.

**IT IS SO ORDERED.**

**DATED: February 15, 2012**

_s/ Michael J. Reagan_
**MICHAEL J. REAGAN**
**UNITED STATES DISTRICT JUDGE**